**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CITY OF HOLLY SPRINGS**                                                        **PLAINTIFF**

**V.**                                                              **NO. 3:21-CV-246-DMB-RP**

**JOHNSON & JOHNSON, et al.**                                      **DEFENDANTS**

<u>**ORDER**</u>

On April 5, 2022, the City of Holly Springs filed "Plaintiff's Agreed Motion to Dismiss Settling Defendants with Prejudice Subject to Special Appearance." Doc. #55. Representing that "a settlement agreement has been finalized between [it], the Distributor Defendants, and a major Manufacturer Defendant," the City "moves to voluntarily dismiss with prejudice … (1) Manufacturer Defendant Johnson & Johnson / Janssen Pharmaceuticals, Inc.; (2) Distributor Defendant AmerisourceBergen Drug Corporation; (3) Distributor Defendant Cardinal Health, Inc.; and (4) Distributor Defendant McKesson Corporation, with each party to bear its own costs."[1] *Id.* at 1. None of the defendants responded to the motion and the time within which to do so has passed. *See* L.U. Civ. R. 7(b)(4).

Based on the City's representation a settlement was reached with the specified parties and given the absence of opposition to the motion, the motion to dismiss [55] is **GRANTED**. The City's claims against "Johnson & Johnson / Janssen Pharmaceuticals, Inc.," AmerisourceBergen

---

[1] In a "Certificate of Conference" immediately preceding the motion's certificate of service, "John Raggio, Esq." purports to certify that he "conferred with counsel for (1) Defendant Johnson & Johnson / Janssen Pharmaceuticals, Inc.; (2) Defendant AmerisourceBergen Drug Corporation; (3) Defendant Cardinal Health, Inc.; and (4) Defendant McKesson Corporation, who all indicated that they were in agreement with this Motion." Doc. #55 at 3. The representation in the document carries no weight with the Court because the purported certifier is neither counsel of record in this case nor does he appear to be admitted to practice in this district. The Court also disregards the persons listed after the signature of the City's counsel of record on the motion because they are not counsel of record and/or are not admitted to practice in this district.

Drug Corporation, Cardinal Health, Inc., and McKesson Corporation are **DISMISSED with prejudice**.[2]

SO ORDERED, this 14th day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent this Court's jurisdiction has been questioned by the City in its motion to remand, the settling parties are cautioned that any ruling by this Court may be subject to reversal if jurisdiction is ultimately found to be lacking. The settling parties may avoid this possibility by stipulating to dismissal in accordance with Rule 41.