IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CITY OF HOLLY SPRINGS**            **PLAINTIFF**

**V.**            **NO. 3:21-CV-246-DMB-RP**

**JOHNSON & JOHNSON, et al.**            **DEFENDANTS**

**ORDER**

This is the second time the City of Holly Springs' claims against various opioid manufacturers, opioid distributors, pharmacies, and medical providers have been removed to federal court. The first time, in a separate case, the presiding district judge rejected the removing defendants' claims of fraudulent misjoinder and granted the City's motion to remand based on a lack of diversity of citizenship. This time, certain of those defendants removed the case asserting that one defendant's citizenship should be disregarded because it is a non-juridical entity or, alternatively, that such defendant was fraudulently joined. The City again has moved to remand. Because the removing defendants in this case still have not shown diversity jurisdiction exists and because the removal was procedurally improper, this case will be remanded to state court.

**I**
**Relevant Procedural History**

On May 12, 2020, the City of Holly Springs filed a complaint in the Circuit Court of Marshall County, Mississippi, against several opioid manufacturers, opioid distributors, pharmacies, and medical providers.[1] Doc. #2. Asserting that five non-diverse pharmacy and

---

[1] The complaint named as defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/ka Janssen Pharmaceuticals, Inc.; Mallinckrodt PLC; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Abbvie Inc.; Knoll Pharmaceutical Company, a wholly-owned subsidiary of Abbvie Inc.; Allergan PLC f/k/a Actavis PLC; Allergan Finance LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Corporation; Cephalon,

medical provider defendants² should be severed under Federal Rule of Civil Procedure 21 and that those same defendants were fraudulently misjoined, Endo Pharmaceuticals Inc. removed the case to the United States District Court for the Northern District of Mississippi on July 10, 2020. *See City of Holly Springs v. Johnson & Johnson*, No. 3:20-cv-205-MPM-RP, at Doc. #2 (N.D. Miss. July 20, 2020). A week later, the City moved to remand. *Id.* at Doc. #28.

United States District Judge Michael P. Mills addressed the City's motion to remand in an August 6, 2020, order. *City of Holly Springs v. Johnson & Johnson*, 477 F. Supp. 3d 547, 555 (N.D. Miss. 2020). Judge Mills found the "defendants' reliance upon Rule 21 as a basis for removing a case to be improper" because "in order to remove a case involving non-diverse parties on the basis of diversity jurisdiction, a defendant needs an actual *removal doctrine*, such as fraudulent joinder or fraudulent misjoinder." *Id.* at 552. Regarding the defendants' fraudulent misjoinder argument, Judge Mills explained that "district courts which recognize the fraudulent misjoinder doctrine have tended to emphasize … that it should only apply in cases of truly egregious misjoinder."³ *Id.* at 553.

> In finding [the] defendants' misjoinder arguments to not be well taken, [Judge Mills] emphasize[d] that the main focus of the very lengthy complaint … [was] not on the manufacture or design aspects of the supply of opioids to consumers. … Rather, the main thrust of the complaint … [was] that there was a symbiotic relationship between drug manufacturers and local doctors and pharmacies, pursuant to which they sought to work together for their mutual financial benefit by promoting the excessive use of opioids. By focusing on the promotion of the use of opioids, … there is greater similarity among the alleged actions of the various defendants than in the typical case in which a retailer is joined in a products liability

---

Inc.; Walgreens Boot Alliance, Inc.; Wal-Mart Stores, Inc.; CVS Health; Cassandra Hawkins, M.D.; Byhalia Family Health Center; Liddy Pharmacy; Tyson Pharmacy; and Robinson Pharmacy.

² The non-diverse defendants were Liddy Pharmacy, Tyson Pharmacy, Robinson Pharmacy, Cassandra Hawkins, M.D., and Byhalia Family Health Center.

³ As Judge Mills noted, the undersigned district judge has "declined to recognize fraudulent misjoinder as a basis for jurisdiction based on [my] conclusions that 'the removal statute must be strictly construed' and that there is no 'clear guidance from the Fifth Circuit or the United States Supreme Court on the application of the fraudulent misjoinder doctrine.'" *Holly Springs*, 477 F. Supp. 3d at 553 (quoting *Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 4:17-cv-124, 2018 WL 109836, at *2 (N.D. Miss. Feb. 28, 2018)).

> action. True enough, the diverse manufacturers played a different role in the supply chain than the non-diverse doctors and pharmacies, but the complaint allege[d] that they were motivated by a similar state of mind, namely a willingness to overlook the harm caused by the oversupplying of opioids to consumers, in the interest of profits. That being the case, … the fact that the various defendants played different roles in supplying opioids to consumers [did not] preclud[e] their lawful joinder under Rule 20, and … that joinder [was not] sufficiently "egregious" to give rise to federal jurisdiction under *Tapscott [v. Miss. Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996)].

*Id.* at 554. Because he found federal jurisdiction lacking, Judge Mills remanded the case to the Circuit Court of Marshall County. *Id.* at 555.

Following remand, the claims against two of the five non-diverse defendants—Tyson Pharmacy and Cassandra Hawkins, M.D. —were dismissed without prejudice in November 2020. Doc. #17-9; Doc. #17-26. Almost a year later, on October 25, 2021, the claims against two more non-diverse defendants—Liddy's Health Mart and Byhalia Health Center—were also dismissed without prejudice. Doc. #21-13.

On December 1, 2021, Mississippi CVS Pharmacy, L.L.C., Walgreen Co., and Walmart Inc. ("Pharmacy Defendants") removed the case to federal court, asserting that "there remains one Non-Diverse Defendant in this case, Robinson"[4] but "Robinson is not an entity capable of suing or being sued[, n]or is it a citizen of Mississippi" and its "purported citizenship has no bearing as to whether the named parties are diverse." Doc. #1 at 9–11. The Pharmacy Defendants also assert that "the Court should disregard Robinson's purported citizenship because it was fraudulently joined as a party." *Id.* at 12.

On December 15, 2021, the City filed a motion to remand.[5] Doc. #26. The motion is fully

---

[4] The complaint refers to Robinson as both "Robinson Drug Store" and "Robinson Pharmacy." Doc. #2 at ¶¶25, 135.

[5] The Pharmacy Defendants sought to stay a ruling on the remand motion "until the Judicial Panel on Multidistrict Litigation (the 'JPML') issue[d] a final decision on whether to transfer this action to the Multidistrict Litigation pending in the Northern District of Ohio." Doc. #37. They also presented arguments regarding a potential stay in response to the motion to remand. *See* Doc. #40 at 7–8. "Because the JPML … issued a final decision denying

3

briefed.[6]  Docs. #27, #40, #42.

## II
## Removal and Remand

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

> Removal may be improper, however, for jurisdictional or procedural reasons. Jurisdictional defects require remand to state court. And … they may be asserted at any point before a final, non-appealable judgment is rendered. It goes without saying courts are also obliged to raise jurisdictional defects *sua sponte*, if necessary.
>
> By contrast, procedural defects require the action's being remanded to state court only if plaintiff files a motion to remand within 30 days after the filing of the notice of removal under section 1446(a).

*Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted).  If the plaintiff timely files a motion raising procedural defects and the court

---

transfer of this case," the Court denied the motion to stay as moot on July 14, 2022.  Doc. #60 (footnote omitted).  So the Court does not address the arguments raised in the response concerning a stay.

[6] On July 14, 2022, based on the City's unopposed motion, the Court dismissed the City's claims against "Johnson & Johnson / Janssen Pharmaceuticals, Inc.," AmerisourceBergen Drug Corporation, Cardinal Health, Inc., and McKesson Corporation but cautioned the parties that the ruling "may be subject to reversal if jurisdiction is ultimately found to be lacking."  Doc. #59 at 1–2 & n.2.  A month later, on August 18, 2022, Endo Pharmaceuticals filed a "Notice of Suggestion of Bankruptcy and Automatic Stay of Proceedings" stating it filed a "voluntary petition[] for relief under title 11 of the United States Code … in the United States Bankruptcy Court for the Southern District of New York" and "pursuant to section 362(a) of the Bankruptcy Code, the automatic stay is in effect."  Doc. #61.  "However, a number of courts have determined that a district court may remand a civil action removed on the basis of diversity jurisdiction when one of the debtor-defendants filed a post-removal bankruptcy petition, regardless of the automatic stay provision."  *Hearn v. New Prime, Inc.*, No. 09-CA-81, 2009 WL 10700524, at *1 (W.D. Tex. July 1, 2009); *see Sanders v. Farina*, 67 F. Supp. 3d 727, 729–30 (E.D. Va. 2014) (explaining "a federal court's remand of [a] case back to state court [does not] constitute[] a barred continuation of [an] action" because, among other reasons, "a remand is simply a finding that the court lacks power to hear the case and that the case belongs in another court").

concludes the removal procedure was improper, remand is warranted. *See Hinkley*, 968 F.3d at 550 (district court "presumably would have remanded to state court based on [defendant's] having removed to the incorrect judicial district" if the plaintiffs "timely filed a motion to remand").

### III
### Analysis

The City submits that remand is warranted based on both jurisdictional and procedural defects.

#### A. Jurisdiction

The City argues there is not complete diversity of citizenship such that this Court lacks subject matter jurisdiction. Doc. #27 at 1. Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Complete diversity requires that "all of the plaintiffs … be citizens of different states than all of the defendants." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021).

The parties do not dispute that the amount in controversy is satisfied[7] or that all remaining parties besides Robinson are diverse.[8] However, in the removal notice, the Pharmacy Defendants assert that Robinson "has [not] appeared in [this] action" and the City has not "move[d] for default judgment" or "produce[d] any evidence showing efforts to effect service on Robinson;" "Robinson

---

[7] Based on the allegations in the complaint, the Court does not question whether the amount in controversy is satisfied. *See* Doc. #2.

[8] In the removal notice, the Pharmacy Defendants do not make specific citizenship allegations regarding many of the defendants. *See* Doc. #1 at 14–15. Instead, the Pharmacy Defendants rely on the allegations in the complaint. *Id.* at 15. With respect to Activas LLC, the complaint alleges that it "is a Delaware limited liability company with its principal place of business in … New Jersey" and "is owned by Allergan PLC," "a public limited company incorporated in Ireland with its principal place of business in … Ireland." Doc. #2 at 4–5. But to allege the citizenship of a limited liability company, the party asserting jurisdiction must "specifically allege the citizenship of *every member* of every LLC." *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir. 2020) (emphasis added). Because the Pharmacy Defendants failed to specifically identify the members of Activas LLC and thus have failed to properly allege its citizenship, they have failed to adequately allege diversity jurisdiction, further supporting the Court's conclusion that remand is proper.

5

is a non-juridical entity [and] its purported citizenship has no bearing as to whether the named parties are diverse;" "[t]o the extent 'Robinson Pharmacy' and 'Robinson Drug Store' are fictitious names used to represent some other person or entity, the Court should still disregard Robinson's purported citizenship;" and Robinson was "fraudulently joined as a party" because there is no possibility of recovery against it as a non-juridical entity. Doc. #1 at 10–12.

In support of remand, the City argues that contrary to the representation that it "did not make any efforts to serve Defendant Robinson," it "served Robinson Pharmacy, and its Registered Agent Scott Robinson accepted service."[9] Doc. #27 at 3–4. Further, because two other diverse defendants have also failed to appear and the City has yet to seek default judgment against them, the City argues its failure to seek default judgment against Robinson cannot be relied on to show fraudulent joinder because "defenses which are common to all defendants may not serve as a basis for a finding of fraudulent joinder." *Id.* at 5.

The Pharmacy Defendants respond that "Robinson … has never been registered as a corporation—or any other sort of legal entity—in the State of Mississippi" so it has "no legal existence … and should be disregarded for diversity purposes;" the City's service on Scott is insufficient because "there is no registered agent for Robinson because Robinson has never been registered in Mississippi;" there is no possibility of recovery against Robinson because "[u]nder Mississippi law, a plaintiff cannot recover from a sole proprietorship—an entity that has no legal status apart from its owner—and therefore no cause of action can be stated against that proprietorship;" and the City "ha[s] no intention of pursuing its claims against Robinson." Doc. #40 at 10–15.

The City replies that it served Robinson and "was too busy defending the fuselage of

---

[9] To avoid confusion with the entity named in the complaint, Scott is referenced by his first name in this order.

dismissal motions [in state court] to attempt default judgments against [Robinson and the two diverse defendants who failed to appear]" and because the Pharmacy Defendants' "accusations apply to both non-diverse and diverse Defendants, those accusations do not prove that the non-diverse Defendant was fraudulently joined." Doc. #42 at 19.

### 1. Fictitious name

While it is true that "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether a civil action is removable on the basis of diversity jurisdiction,[10] the Court does not agree that the City used a fictitious name when naming Robinson in its state court complaint.

> Mississippi Rule of Civil Procedure 9(h) provides:
>
> When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.

At no point does the City allege that it was "ignorant of" Robinson's name; rather, it alleges that "[t]he name of the licensee in the Mississippi Board of Pharmacy records has changed from Robinson's Drug Store to Scott Robinson." Doc. #27 at 4 n.1. Thus, the situation here appears to be one of misnomer, where a plaintiff "su[es] the correct defendant using an incorrect name." *D.P. Holmes Trucking, LLC v. Butler*, 94 So. 3d 248, 251–52 (Miss. 2012).

The Mississippi Supreme Court "has long recognized that the doctrine of misnomer allows parties to correct party-name errors if doing so would not result in prejudice." *Scaggs v. GPCH-GP, Inc.*, 23 So. 3d 1080, 1083 (Miss. 2009). This rule applies even where the named party is a non-juridical entity so long as "the proper defendant was put on notice and knew … that a suit

---

[10] 28. U.S.C. § 1441(b)(1).

would be filed [or] had already been filed." *Id.* at 1084 (discussing *Mieger v. Pearl River Cnty.*, 986 So. 2d 1025, 1028 (Miss. Ct. App. 2008), where the Mississippi Court of Appeals reversed the trial court's denial of leave to amend to name a county rather than a sheriff's department because the county received "notice that, except for the mistake of naming the wrong party, the action would have been brought against the county").

In his declaration,[11] Scott attests that "[f]or many years, [he] owned and operated a retail drug store in Holly Springs, Mississippi, known as 'Robinson's Drug Store' and as 'Robinson's Pharmacy'" until he closed the store in 2015. Doc. #39-2. The City submitted evidence of service on Scott. Doc. #26-1. The Pharmacy Defendants do not present any evidence or argument regarding whether this service indeed occurred. The Pharmacy Defendants merely argue that service was ineffective as to the Robinson entity named in the complaint. Based on the evidence before the Court, it appears Scott would be the correct defendant in this case and he was put on notice of the claims against him such that if addressed by the state court, amendment likely would be allowed. Consequently, Robinson is not a fictitious name that should be disregarded. And because Robinson's presence in this action destroys complete diversity, remand is warranted.

### 2. Improper joinder

The Pharmacy Defendants also assert that Robinson was "fraudulently joined" because, as "a non-juridical entity, there is no possibility that [the City] would be able to establish a cause of action against Robinson." Doc. #1 at 12.

"If a non-diverse defendant is improperly joined, … a district court can disregard the

---

[11] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Jeanmarie v. Indian Harbor Ins. Co.*, __ F. Supp. 3d __, 2022 WL 1538584, at *3 (E.D. La. May 13, 2022) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)).

citizenship of that defendant for the purposes of evaluating its jurisdiction."[12] *Williams*, 18 F.4th at 812. In the Fifth Circuit, "a non-diverse defendant is improperly joined … if the removing party shows either that: (1) there was actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Id.* The Pharmacy Defendants rely on the second inquiry. *See* Doc. #1 at 12. Thus, to show improper joinder, they "must demonstrate that there is no possibility of recovery against the … non-diverse defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state or non-diverse defendant." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017).

The Pharmacy Defendants argue the City will not be able to recover against Robinson because "a plaintiff cannot recover from a sole proprietorship … and therefore no cause of action can be stated against that proprietorship." Doc. #40 at 15. However, as discussed above, it appears the City named the sole proprietorship (Robinson) rather than the specific individual (Scott) from whom it seeks to recover. And none of the cases the Pharmacy Defendants cite[13] support that by doing so, the City is unable to recover against Scott. *See Canal Ins. Co. v. Herrington*, 846 F. Supp. 2d 654, 659 (S.D. Miss. 2012) (because a "sole proprietorship is a business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity, and has no separate legal existence distinct from the owner of the business," there is "no legal

---

[12] While case law uses both the terms "improper" and "fraudulent" joinder, "'improper joinder' is preferred." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004).

[13] *See Int'l Fire & Safety, Inc. v. HC Servs., Inc.*, No. 2:06-cv-63, 2006 WL 2403496, at *1 (S.D. Miss. Aug. 18, 2006) (dismissing for insufficient process and insufficient service of process where named defendant "Sonya Bridges/Wayne Farms" was actually a "poultry farm … operated as a sole proprietorship by George Bridges and his wife Sue" and the "[p]urported service … was delivered to Sonya Bridges"); *see also Venuto v. Jackson Cnty.*, No. 1:13-cv-198, 2014 WL 5280963, at *1 (S.D. Miss. Oct. 15, 2014) (dismissing claims against sheriff's department where the county was already named as a separate defendant because "[u]nder Mississippi law, a county sheriff's department … does not enjoy a separate legal existence apart from the County").

9

distinction" between the named sole proprietorship and the owner). This failure further supports the Court's conclusion that remand is warranted.[14]

### B. Procedural defects

Even if subject matter jurisdiction existed, remand is warranted because the Pharmacy Defendants failed to show "removal was proper." *Scarlott*, 771 F.3d at 887.

Under 28 U.S.C. § 1446, the statute governing the procedure for removal:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal … containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). Local Rule 5(b)(1) provides that "[i]n addition to the requirements for removal set forth in 28 U.S.C. § 1446, a defendant … desiring to remove any civil action or criminal prosecution from a state court must file a copy of the entire state court record no later than 14 days from the date of removal."

The City argues remand is proper because "[i]n violation of the black letter of statutory law, Defendants failed to file … fifty-four documents together with the removal notice."[15] Doc. #27 at 8. The Pharmacy Defendants respond that because they "filed all the pleadings, orders, and a complete copy of the state court docket within 14 days of the notice of removal," they "complied with this Court's Local Rules in all respects and any alleged deficiencies are immaterial, have already been cured, and do not affect this Court's jurisdiction," and the City cannot show prejudice from the error. Doc. #40 at 24–25. The City replies that compliance with the Local Rules is "not

---

[14] Citing an almost twenty-seven-year-old, out-of-circuit district court opinion, the Pharmacy Defendants argue "Robinson is also improperly joined because [the City] had no intention of pursuing its claims against Robinson." Doc. #40 at 15. In the absence of authority from the Fifth Circuit expanding the improper joinder analysis, this Court continues to "apply the traditional no-possibility-of-recovery test." *Williams*, 18 F.4th at 813.

[15] The City also argues that the removal was untimely. Having found remand warranted for other reasons, the Court declines to determine whether the removal was timely.

10

a substitute for statutory compliance" and because the Pharmacy Defendants "must show the removal complied with strictly construed statutes[, t]he burden is not on [the City] to prove that fifty-four statutory violations of the black letter of Congressional law is prejudicial." Doc. #42 at 6.

The Court agrees that the Local Rules do not alter the requirements of § 1446 and that the Pharmacy Defendants' removal notice fails to satisfy the statutory requirements. As the City notes, the Pharmacy Defendants failed to file *any* orders with the removal notice, including the order they contend indicated the case had become removable. *See* Docs. #1, #1-1 to #1-4. Instead, the Pharmacy Defendants filed "a copy of the Marshall County Circuit Court docket" and stated they would "file a copy of the entire state court record within 14 days" as required by the Local Rules. Doc. #1 at 23. Such is insufficient to satisfy the plain language of § 1446 requiring the notice of removal to be filed "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *See Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.") (internal quotation marks omitted). Thus, the removal's procedural impropriety warrants remand as well.[16] *See Jason R. Bailey, MD, P.A. v. Blue Cross & Blue Shield of Tex.,*

---

[16] Relying on *Covington v. Indemnity Insurance Co. of North America*, 251 F.2d 930, 933 (5th Cir. 1958), district courts within the Fifth Circuit have held that "failure to comply with [§ 1446's] procedural requirement would not be grounds for remand, as the failure to attach a copy of all process, pleadings, and orders … has been held not to be a jurisdictional defect as long as sufficient documents are attached to show the basis for jurisdiction." *Slaughter v. Bd. of Supervisors of S. Univ. & A & M Coll.*, No. 07-379, 2007 WL 9709921, at *2 (M.D. La. June 20, 2007). *Covington* is distinguishable from the situation here because "the plaintiff in *Covington* did not seek to remand that case to state court based on [the] technical defect in the Notice of Removal within the time allowed." *Tri-Co Oil Co, Inc. v. Great Am. Ins. Co.*, No. 7:09-CV-1576, 2010 WL 11615036, at *5) (N.D. Ala. Mar. 31, 2010)). The Court agrees with the analysis in *Tri-Color Oil* that refusing remand based on procedural defects would make "§ 1447(c) … nothing more than a vehicle by which an unhappy plaintiff, who selected a presumptively competent state forum, can, at his option, warn the removing defendant who has woefully failed to dot his procedural i's and cross his procedural t's, to amend *post hoc* and post haste, so as to make everybody but the plaintiff happy." *Id.*

*Inc.*, 504 F. Supp. 3d 591, 595 (S.D. Tex. 2020) (remanding case based on procedural defects); *see Pine Village N. Assoc. v. Fisher*, No. 21-2118, 2021 WL 5167736, at *2 (S.D. Tex. Sept. 28, 2021) (removal was improper where defendants "failed to attach copies of all process, pleadings, and orders as required by § 1446(a) when they filed their notice of removal").

## IV
## Conclusion

The City's motion to remand [26] is **GRANTED**. This case is **REMANDED** to the Circuit Court of Marshall County.

**SO ORDERED**, this 16th day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**